United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Strike 3 Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 23-11443-NMG |
| John Doe, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

This is an action for alleged copyright infringement brought by plaintiff Strike 3 Holdings LLC ("plaintiff") against defendant John Doe, an unnamed internet subscriber assigned the IP address 108.7.222.66 ("defendant"). Pending before the Court is the motion of plaintiff for entry of default judgment. For the reasons that follow, plaintiff's motion will be allowed.

I. **Background**

Plaintiff initiated this copyright action in June, 2023. According to the complaint, plaintiff is the producer and copyright holder of "award-winning, critically acclaimed . . . high-end[,] artistic, and performer inspiring . . . number one selling . . . adult motion pictures." Stated more directly, plaintiff produces pornography. Plaintiff distributes its pornography through DVDs and, relevant here, via the internet.

- 1 -

Defendant is an individual internet user who, according to plaintiff, infringed upon plaintiff's copyrights by downloading and distributing 28 of its pornographic films without authorization over an extended period of time.  Defendant did so by using a "BitTorrent protocol" which allows files, including digital versions of videos and films, to be anonymously shared over the internet and accessed by other users. See Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 448 (D. Mass. 2011) (explaining use of BitTorrent protocols).

In its complaint, plaintiff asserts a single count of copyright infringement against defendant, in violation of 17 U.S.C. §§ 106, 501 and 504.  Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504(c) as well as a permanent injunction to prevent defendant from continuing to infringe its copyrighted films and to require that he delete and permanently remove any infringing copies of the films in his possession.

This case represents only one of nearly 10,000 similar lawsuits, including more than 360 in this Court alone, that plaintiff has filed. See Strike 3 Holdings, LLC v. Doe, No. 3:24-CV-1346 (VAB), 2024 WL 4188505, at *3 (D. Conn. Sept. 13, 2024) (discussing plaintiff's litigious history).  These cases all follow a similar pattern: 1) plaintiff files a copyright claim regarding its pornography against an unidentified defendant, 2) the "John Doe" defendant's real name is

discovered, and 3) the case promptly ends in default judgment or voluntary dismissal. See id. at *2 (collecting cases). To defend the suit on the merits defendants would have to plead under their real names, a detriment that pornography producers have purportedly leveraged to accumulate settlements without having to test the merits of their copyright claims. See Amy Rosen, The Big Lawsuits Keep on Coming: An Analysis of Extortive Pornographic "Trolling Lawsuits" and Preventive Approaches, 95 J. Pat. & Trademark Off. Soc'y 165, 166, 166-70 (2013); Tom W. Bell, Copyright Porn Trolls, Wasting Taxi Medallions, and the Propriety of "Property", 18 Chapman L. Rev. 700, 800-01 & n.2 (2015). Other courts have recognized such tactics as "coercive" and "abusive." Strike 3 Holdings, LLC v. Doe, No. 18-CV-1945 (JBA), 2019 WL 1122984, at *3 (D. Conn. Mar. 12, 2019); Strike 3 Holdings, LLC v. Doe, No. 18-CV-2648 (VEC), 2019 WL 78987, at *4 (S.D.N.Y. Jan. 2, 2019).

This case has proceeded in the same manner. After filing its complaint in April, 2024, plaintiff moved for the issuance of a third-party subpoena to discern the true identity of defendant based on his IP address. Although defendant was personally served in May, 2024, he did not answer or otherwise respond to plaintiff's complaint. As such, this Court entered a notice of default on September 20, 2024, which was mailed to

defendant on the same day.  Now, plaintiff moves for an entry of default judgment against defendant and seeks injunctive relief.

## II. Legal Standard

Under Fed. R. Civ. P. 55, a district court may enter a default judgment where a defendant has failed to plead or otherwise defend itself.  A final entry of default judgment requires a two-step process.  First, the clerk enters a notice of default, id. 55(a), after which the Court may then enter default judgment upon application of the plaintiff, id. 55(b).

Once a notice of default judgment is entered under Rule 55(a), the Court presumes that all well-pled factual allegations in the complaint are true. See Sec. & Exch. Comm'n v. Tropikgadget FZE, 146 F.Supp.3d 270, 275 (D. Mass. 2015). Nevertheless, a default judgment will not be entered unless 1) the Court has both personal and subject matter jurisdiction, 2) the allegations in the complaint state a cognizable claim of liability against defendant and 3) those allegations merit an award of damages.  Groden v. Epstein, No. 24-CV-10303-ADB, 2024 WL 4519724, at *1 (D. Mass. Oct. 17, 2024); Mantouvalos v. Mantouvalos, 319 F.R.D. 420, 421 (D. Mass. 2017).

## III. Analysis

### A. Jurisdiction

Before granting default judgment, the Court has "an affirmative duty" to ensure that it has jurisdiction "over both

the subject matter and the parties." <u>Groden</u>, 2024 WL 4519724, at
*2; <u>see also</u> <u>Hugel</u> v. <u>McNell</u>, 886 F.2d 1, 3 n.3 (1st Cir. 1989)
("[W]here the court rendering the default judgment is shown to
lack personal jurisdiction over the defendant . . . the judgment
may be . . . set aside by the rendering court on motion.").

This Court has personal jurisdiction over defendant because
he is a resident of the Commonwealth of Massachusetts who,
despite his failure to respond, received both service of process
and notice of default. <u>See</u> <u>United States</u> v. <u>LaBombard</u>, 107 F.
Supp. 2d 57, 59 (D. Mass.), <u>aff'd</u>, 248 F.3d 1128 (1st Cir. 2000)
(recognizing this Court's authority to "exercise personal
jurisdiction over a person within or domiciled in the
Commonwealth").

This Court likewise maintains subject matter jurisdiction
over plaintiff's copyright infringement claim because it
presents a question of federal law over which district courts
have original jurisdiction. <u>See</u> 28 U.S.C. § 1331 ("The district
courts shall have original jurisdiction of all civil actions
arising under the . . . [laws] of the United States"); 28 U.S.C.
§ 1338 ("The district courts shall have original jurisdiction of
any civil action arising under . . . copyright[].").

**B. Liability**

A further prerequisite to default judgment requires the
Court to assess plaintiff's complaint and determine whether it

states a cause of action and establishes defendant's liability. Groden, 2024 WL 4519724, at *2.  In so doing, the Court must accept as true all well-pled factual allegations. See Franco v. Selective Ins., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.").

Plaintiff here alleges a single claim for relief: copyright infringement under 17 U.S.C. §§ 106, 501 and 504.  To present a viable copyright infringement claim, a plaintiff must establish 1) ownership of a valid copyright and 2) a copying of constituent elements of the copyrighted work that are original. Lotus Dev. Corp. v. Borland, Int'l., Inc., 49 F.3d 807, 813 (1st Cir. 1995) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)); see also Yankee Candle Co. v. Bridgewater Candle Co., LLC, 259 F.3d 25, 33 (1st Cir. 2001).

Here, plaintiff's amended complaint alleges that 1) plaintiff has properly registered all 28 pornographic films with the Copyright Office and 2) defendant, without authorization from plaintiff, reproduced and distributed copies of those films over the internet.  Taken as true, the factual allegations here present a cognizable claim for copyright infringement. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (affirming default judgment where plaintiff plausibly alleged

that defendant engaged in unauthorized reproduction of copyrighted songs); Creative Photographers, Inc. v. FilterGrade, LLC, No. 1:22-CV-10985-IT, 2023 WL 4137296, at *3 (D. Mass. June 22, 2023) (finding cognizable copyright claim based on allegations that plaintiff held copyright to certain photographs and defendant copied them without authorization).

To be sure, it is unsettled whether pornographic materials are entitled to copyright protection at all.  See Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 447 n.2 (D. Mass. 2011) ("[I]t is a matter of first impression in the First Circuit, and indeed is unsettled in many circuits, whether pornography is in fact entitled to protection against copyright infringement." (citing Mitchell Bros. Film Grp. v. Cinema Adult Theater, 604 F.2d 852, 860 (5th Cir. 1979))).  In the absence of guidance from the First Circuit, however, this Court would readily deny the relief plaintiff seeks but is constrained from doing so. Cf. Haberman v. Hustler Mag., Inc., 626 F. Supp. 201, 209 (D. Mass. 1986) (explaining that copyright law seeks to avoid exceptions based on material's content). Plaintiff's complaint offers sufficient allegations to establish a cognizable claim for relief. Accord Next Phase Distb., Inc. v. John Does 1-27, 284 F.R.D. 165, 171 n.5 (S.D.N.Y. 2012) (recognizing that pornographic material "may not be eligible for copyright protection" but finding that plaintiff's allegations

- 7 -

of being a registered copyright holder "satisfies . . . a prima facie showing of copyright infringement" notwithstanding). <u>Cf.</u> <u>Strike 3 Holdings, LLC</u>, v. <u>Doe</u>, 370 F. Supp. 3d 478, 482 (D.N.J. 2019) (noting that work's obscenity is question for trier of fact).

### C. Damages

Once the Court determines that a plaintiff has established a cognizable claim, it remains only to ascertain the degree of damages that are warranted. <u>Groden</u>, 2024 WL 4519724, at *3.   In calculating damages, the Court may conduct a hearing but is not required to, especially where the facts alleged adequately establish the amount warranted by the default judgment. <u>In re</u> <u>The Home Rests., Inc.</u>, 285 F.3d 111, 114-15 (1st Cir. 2002); <u>see</u> <u>also</u> <u>HMG Prop. Investors, Inc.</u> v. <u>Parque Indus. Rio Canas, Inc.</u>, 847 F.2d 908, 919 (1st Cir. 1988) ("[I]f arriving at the judgment amount involves nothing more than arithmetic—the making of computations which may be figured from the record—a default judgment can be entered without a hearing of any kind.").

Here, plaintiff first requests money damages.   Under 17 U.S.C. § 504(c)(1)-(2), a copyright holder may recover statutory damages with respect to any one work "in a sum of not less than $750 or more than $30,000."  Pursuant to this statute, plaintiff seeks the minimum damages authorized: $750 for each of the 28 works defendant infringed, i.e., a total of $21,000.   This

measure of damages is adequately supported by the complaint and filings submitted with plaintiff's motion.  The Court will therefore allow the motion with respect to statutory damages.

Plaintiff further seeks injunctive relief against defendant.  Under 17 U.S.C. § 502(a), a court may grant an injunction to prevent or restrain copyright infringement "on such terms as it may deem reasonable."  The familiar standard for injunctive relief applies, requiring the Court to find that

> 1) plaintiffs prevail on the merits; 2) plaintiffs would suffer irreparable injury in the absence of injunctive relief; 3) the harm to plaintiffs would outweigh the harm the defendant would suffer from the imposition of an injunction; and 4) the public interest would not be adversely affected by an injunction.

A.W. Chesterton Co. v. Chesterton, 128 F.3d 1, 5 (1st Cir. 1997).  Courts generally grant injunctive relief if liability is clear and there is a continuing threat of copyright infringement.

In this case, plaintiff has already established, based on the foregoing, a likelihood of success on the merits of its copyright infringement claim.  Despite the prurient nature of plaintiff's copyrights, the law presumes that it would suffer irreparable harm from that infringement.  See Concrete Machinery Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611 (1st Cir. 1988) (recognizing that "irreparable harm is usually presumed" for copyright claims).  By the same token, the law also assumes

that the public interest favors the protection of copyrighted materials, even those with licentious content. Id. ("[P]ublic policy rarely is a genuine issue if the copyright owner has established a likelihood of success . . . . [T]he public interest can only be served by upholding copyright protections."). Finally, there can be no possibility of harm to defendant from an injunction barring him from distributing materials he is not in fact authorized to distribute. See Claremont Flock Corp. v. Alm., 281 F.3d 297 (1st Cir. 2002) (affirming entry of default judgment with injunction). An injunction will therefore be entered in plaintiff's favor.

**ORDER**

For the foregoing reasons,

1) the motion of plaintiff, Strike 3 Holdings, LLC, for entry of default judgment (Docket No. 29) is **ALLOWED**;

2) defendant John Doe, internet subscriber assigned IP address 108.7.222.66, is directed to pay plaintiff $21,000;

3) defendant is hereby **ENJOINED** from infringing upon any of plaintiff's lawfully held copyrights under federal or state law including but not limited to downloading or distributing plaintiff's lawfully held copyrights using a BitTorrent protocol or other electronic means, except pursuant to a lawful license or plaintiff's express authorization; and

4) defendant is further ordered to destroy all copies of
   plaintiff's copyrighted works that the defendant has
   downloaded onto any computer or server without a lawful
   license or plaintiff's express authorization or that
   defendant has transferred onto any physical hard drive or
   device in his possession, custody or control.

So ordered.

Nathaniel M. Gorton
United States District Judge

Dated:  November 7 , 2024

- 11 -